IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JANE DOE #1, an infant,
JANE DOE #2, an infant,
& JOHN DOE #1, an infant,
by LUANNE T. WINFREE their
Grandmother and next friend, and
LUANNE T. WINFREE,
ADMINISTRATOR OF THE ESTATE
OF JESSE TRUSLOW, deceased

    Plaintiffs,

v.                                         CIVIL ACTION NO. 4:14cv106

JUDSON D. MOORE, et al.,

    Defendants.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is the Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(5) and 12(b)(6) filed by Defendants Judson D. Moore and the City of Newport News (sued as the Newport News City Farm Adult Corrections and the City of Newport News), ("Defendants"). The motion has been fully briefed and is ripe for judicial determination and a hearing will not aid in the disposition. For the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED**.

### I.    PROCEDURAL & FACTUAL HISTORY

The following facts are stated in Plaintiffs' Complaint. At some time prior to July 2008, decedent Jesse Truslow was convicted of Grand Larceny and Receiving Stolen Property and was sentenced to 10 years' imprisonment with nine years and nine months suspended on Count One, and 40 years' imprisonment with 36 years and 6 months suspended on Count Two. Pl.'s Compl.

¶ 11. On July 2, 2008, decedent was transferred to Newport News City Farm ("City Farm"). *Id.* Mrs. Jennifer Truslow, decedent's wife, visited decedent at City Farm in early September 2008 and was caught attempting to smuggle in tobacco-related products. *Id.* at 12. Upon detection, her visitation privileges were suspended for two weeks. *Id.* On or about September 27, 2008, after the expiration of her two-week suspension, Mrs. Truslow successfully smuggled in and gave decedent eight (8) packs of heroin. *Id.* at 13. On September 28, 2008, an officer on duty found decedent slumped over the edge of a footlocker and called 911. *Id.* at 14. Decedent was transferred by ambulance to Riverside Regional Medical Center. *Id.* A nurse advised City Farm personnel that she found a syringe in decedent's pants pocket. *Id.* On September 29, 2008, decedent died as a result of a heroin overdose. *Id.* at 15.

On August 22, 2014, Plaintiffs filed their Complaint which alleges claims of gross negligence and deprivation of statutory and constitutional rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution. Although it is unclear whether Plaintiffs are setting forth a state wrongful death claim, as well, the Court assumes both are being pursued. On October 8, 2014, Defendants filed a Motion to Dismiss under Rule 12(b)(6) with accompanying Memorandum, (ECF Nos. 6 & 7), setting forth a number of affirmative defenses including that the action is time-barred due to the passage of the statute of limitations, defective service of process, lack of standing, lack of state claim arising out of illegal activity, failure to state a cause of action for cruel and unusual punishment, failure to state a cause of action for gross negligence, failure to state a cause of action against Defendant Moore in his personal capacity, failure to provide notice of intent to sue under Virginia law, sovereign immunity, and failure to state a claim under §1983. On October 21, 2014, Plaintiffs filed their Response. (ECF No. 8). On October 27, 2014, Defendants filed their Reply. (ECF No. 9).

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint. *Francis v. Giacomello*, 588 F.3d 186, 192 (4th Cir. 2009). Courts will favorably construe the allegations of the complaint and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A Rule 12(b)(6) motion to dismiss should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires a plaintiff to demonstrate more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss filed under Federal Rule of Procedure 12(b)(6) "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly

appear[ ] *on the face of the complaint.*'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis added).

1. **State Law Claims**

    a. **Only the Personal Representative May Bring Suit**

The Virginia Supreme Court has stated that "a wrongful death action is a *right of action* to enforce a *cause of action*, both created by statute in derogation of the common law." *Horn v. Abernathy*, 343 S.E. 2d 318, 323 (Va. 1986). Pursuant to statute, wrongful death actions "shall be brought by and in the name of the personal representative of such deceased person." Va. Code § 8.01-50. *See also Brake v. Payne*, 597 S.E.2d 59, 63 (Va. 2004) (only the decedent's personal representative may bring a wrongful death action); *Horn*, 343 S.E. 2d at 323 (the right of action is vested in the decedent's personal representative). Furthermore, as "the party-plaintiff, [the personal representative] is merely a surrogate for the beneficiaries of the cause of action named in Code § 8.01-53." *Horn*, 343 S.E. 2d at 323. Children of the decedent qualify as statutory beneficiaries. Va. Code § 8.01-53.

In underscoring the role of the personal representative, the Virginia Supreme Court has expressly stated that wrongful death actions may not be brought by or in the name of an infant beneficiary. *Beverage v. Harvey*, 602 F.2d 657, 658 (4th Cir. 1979). Moreover, an infant's disability will not toll the applicable statute of limitations. *Id.* at 659.

    b. **Statute of Limitations**

Virginia law provides that a wrongful death action "shall be brought . . . within two years after the death of the injured person." Va. Code § 8.01-244(A). Under certain circumstances, this two-year deadline may be extended. In pertinent part, § 8.01-229 provides as follows:

> B. Effect of death of a party. -- The death of a person entitled to bring an action or of a person against whom an action may be brought shall toll the statute of limitations as follows:
>
> 1. Death of person entitled to bring a personal action. -- If a person entitled to bring a personal action dies with no such action pending before the expiration of the limitation period for commencement thereof, then an action may be commenced by the decedent's personal representative before the expiration of the limitation period including the limitation period as provided by subdivision E 3 or *within one year after his qualification as personal representative*, whichever occurs later.
>
> . . .
>
> 6. Delayed qualification of personal representative. -- If there is an interval of more than two years between the death of any person in whose favor . . . a cause of action has accrued or shall subsequently accrue and the qualification of such person's personal representative, such personal representative shall, for the purposes of this chapter, be deemed[1] to have qualified on the last day of such two-year period.

Va. Code § 8.01-229(B)(1),(6) (emphasis added).

Stating that "the 'deeming' language of § 8.01-229 (B)(6) was intended to address the problem of a personal representative attempting to extend the applicable statute of limitations indefinitely by delaying qualification," the Virginia Supreme Court reasoned that "[§ 8.01-229(B)(6)], sets an outer time limit for the filing of a personal action on behalf of the estate of a decedent when there is an interval of *more than two years* between the death of the decedent and the qualification of his personal representative, with the time running from the last day of such two-year interval." *Douglas v. Chesterfield Cnty Police Dep't*, 467 S.E.2d 474, 476 (Va. 1996).

Thus, "where the applicable statute of limitations is two years from the death of the decedent[,] . . . [and] if, as contemplated by § 8.01-229(B)(6), no personal representative has qualified on an estate during an interval of more than two years after the death of the decedent,

---

[1] The Virginia Supreme Court noted that "the Revisers' Note to § 8.01-229 explains, the 'deeming' language in (B)(6) was included 'for the purpose of measuring the applicable statute of limitation [and extensions thereof].'" *Douglas v. Chesterfield Cnty Police Dep't*, 467 S.E.2d 474, 476 (Va. 1996).

the additional one year allowed by § 8.01-229(B)(1) for the filing of a personal action will start to run on the deemed date of qualification, *viz.*, the last day of the two-year period, thus providing an outer time limit of three years for such filing." *Id.* *See also Swann v. Marks*, 252 Va. 181, 183-84 (Va. 1996).

### 2. 1983 Claim

Because there is no federal statute of limitations applicable to suits under § 1983, the applicable time limit is borrowed from the analogous state statute of limitations. *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991). As noted above, the applicable statute of limitations for wrongful death actions in Virginia is typically two years, with an additional year provided where the personal representative does not qualify until two years after decedent's death.

While the statutory limitations period for § 1983 actions is borrowed from state law, federal law controls when a civil rights claim accrues. *A Society Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). "[T]he time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." *Cox*, 529 F.2d at 50. A district court should not dismiss a § 1983 claim under 12(b)(6) where the fact issues related to the time of accrual make it "impossible . . . to place the claim definitively inside or outside of the statute of limitations." *Hanchett v. Saline Cnty Bd. of Comm'rs*, No. 00-2075-JWL, 2000 WL 1375276, *5 (D. Kan. Sept. 8, 2000) (quoting *Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995)).

## III. DISCUSSION

### A. State Law Claims

In this case, though the minor children would be considered statutory beneficiaries, the right to bring the wrongful death suit vests in Ms. Winfree, the personal representative. As a result, Ms. Winfree is the only proper plaintiff in this case.

Although Plaintiff Winfree argues otherwise, her state law claims are time-barred. First, as indicated above, the infancy of the minor beneficiaries will not toll the statute of limitations. Second, the record indicates Plaintiff Winfree failed to meet the statutory deadline. The Complaint alleges that the decedent died on September 29, 2008. Because no personal representative qualified more than two years after the date of decedent's death, the provisions of § 8.01-229(B)(1) and (B)(6) apply. Therefore, although Ms. Winfree did not qualify as the personal representative until April 2, 2014, by statute she was deemed qualified on September 29, 2010, the last day of the two-year state of limitations period. As a result, the additional one-year deadline for filing her action began running on that date. The Complaint, however, was not filed until August 22, 2014, nearly three years after the September 29, 2011 deadline. Plaintiffs' state law claims are therefore clearly time-barred.

### B. 1983 Claims

Plaintiff Winfree's Complaint sets forth the date of Jessie's death and the circumstances surrounding his death. Arguing that the statute of limitations has not run because the minor children remain infants under the law, Plaintiff Winfree fails to adequately address Defendant's argument that the facts surrounding Jessie's death were known, or should have been known to Plaintiff Winfree in 2008, and accordingly, Plaintiff Winfree's federal action accrued at this time.

Although Plaintiff does not expressly set out in her Complaint when she learned of decedent's death, it is not impossible to place her claim definitively inside the statute of limitations. First, it is unlikely that Plaintiff Winfree's notification of decedent's death was delayed to the extent that a lawsuit filed nearly six years later would be timely. Second, the Court finds that Plaintiff Winfree's status as the guardian of decedent's children and her knowledge that decedent's wife had been convicted of smuggling the heroin decedent took prior to his overdose, gave Plaintiff Winfree reason to know of the alleged injuries which are the bases for the action – alleged gross negligence in the failure to supervise, protect, and provide immediate emergency room care. Thus, Plaintiff Winfree's 1983 claim is time-barred as well.

## IV. CONCLUSION

Plaintiff Winfree's state and federal law claims accrued at the time of decedent's death on September 29, 2008. Because she failed to file her suit before the applicable statute of limitations of three years, Plaintiff's claims are effectively time-barred. Given this result, it is unnecessary for the Court to reach the remainder of Defendants' bases for its Motion to Dismiss. Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March _/3_ , 2015

Raymond A. Jackson
United States District Judge